[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 282 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 283 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 284 
The remaining question is, whether the plaintiff had a right to maintain a joint action against all the defendants. They each occupied separate parts of the house, under their respective leases from Miss Evans, and all used the out-buildings, back-yard, and the passage in common. As to Miss Evans and the house, they were not joint tenants, and did not occupy jointly; as to the plaintiff and her land, they were all trespassers. The plaintiff brought her action to recover the possession of the land, by metes and bounds, which she claimed in fee. She makes no claim to the house. The house may belong to the land or not, according to the agreement of the parties, which is a question not involved in this suit, nor settled by it. The lease from the trustees of John Ferris to Smith having expired, and being in no way renewed or continued, and no subsequent arrangement having *Page 285 
been made as to the house, it was wrongfully continued on the land, and those who occupied it then, were trespassers on the lot. They all used the land in common to sustain and uphold the house, and for other uses necessary for the enjoyment of the house. The house was sustained and upheld, as well for those who occupied the upper stories as those who occupied the basement. To this effect are the cases of Winton v. Cornish (5 OhioRep., 477); Kerr v. The Merchants' Exchange Company (3 Ed.Rep., 315), and Starkwell v. Huston (11 Met. Rep., 485). In the case of the land, all those who, under the circumstances, occupied the house, were joint trespassers as against the plaintiff, and the action will lie against them all; and therefore the judgment appealed from ought to be affirmed.
FOOT, J., read an opinion, arriving at the same conclusion.
PAIGE, GARDINER and McCOUN, Js., concurred.
RUGGLES, Ch. J., was for reversal.
Judgment affirmed.