# GARRET ABEEL AND PETER M. ABEEL *v.* PETER VAN GELDER AND EZRA SHOEMAKER.

*Real Estate—Joint Action against Claimant and his Tenant, when proper.*

Where a party claims title to real estate and puts a tenant in possession and invites action against himself, he is not afterward at liberty to claim that the action to recover possession is not properly brought against him jointly with his tenant.

BOOKES, J.—This action was brought to recover the possession of real property situated in the town of Catskill, in the county of Greene. It has been twice tried. On each trial the Plaintiffs had judgment for the premises claimed in the complaint. On the first trial, the judge held, as matter of law, that the Plaintiffs had the legal title, and directed judgment against the Defendants, which was affirmed at the General Term, in the Third District. An appeal was taken to this Court, when the judgment was reversed, and a new trial was ordered, on the ground that the Supreme Court erred in holding that the Plaintiffs had title independent of the question of adverse possession; and the case was retried on the hypothesis that the Plaintiffs, to succeed, were bound to establish an adverse possession, sufficient to defeat the legal title. The question of adverse possession was, therefore, in obedience to the decision of this Court, made the sole question on the second trial. Much evidence was given bearing on this question, and the jury rendered a verdict for the Plaintiffs. Judgment was returned on the verdict, which was affirmed at General Term, whereupon the Defendants again appealed to this Court.

Under this statement of the case, and on this branch of it, it is only necessary to say, that the verdict of the jury, on the question of facts submitted to them, concludes the parties here.

The jury has found, on evidence sufficient to support their verdict, that the Plaintiffs showed such an adverse holding as barred the Defendants' title. The judgment on the verdict must, there-

fore, be affirmed, unless the judge, on the trial, committed some error in his rulings, which will require its reversal.

The exceptions taken on the trial will now be considered.

At the close of the evidence, a motion was made for the discharge of the Defendant Van Gelder, and that the complaint be dismissed as to him, on the ground that he was not, either at the time of the demand, or at the time of the commencement of the action, in the actual occupation of the premises. The motion was denied. The proof showed that Van Gelder claimed as owner holding the title, and that Shoemaker, his co-defendant, was his tenant; that the entry complained of was made by Van Gelder, or under his directions, and that possession was retained by his express authority. It was also proved that, when possession was demanded, with a view to the commencement of the action, he stated that he had a deed of the premises, and should not give them up until he was obliged to, and further, that it was unnecessary to see Shoemaker, who would know nothing about the matter; that he was the man. This was certainly sufficient to constitute him a *tort feaser* with his tenant, whose action he assumed to control. He knowingly and purposely took upon himself the burden of supporting his tenant's possession, and this made the possession his own; and if wrongful, he was, with his tenant, responsible therefor (10 N. Y. 280; 12 Barb. 352; 12 N. Y. 580). Besides, he invited the action against himself, and is not therefore at liberty to claim that the action is not well brought against him (9 Wend. 147; 3 Car. & Payne, 136; 8 Wend. 480). After asserting that he was the man to whom the Plaintiffs might look for redress, and putting forward his own title in support of his tenant's possession, he must be deemed to have adopted the defence, and cannot be permitted to insist that he is an improper party to the action. The motion to dismiss Van Gelder was properly denied.

A question in regard to the admissibility of evidence is presented for our consideration. The Defendants offered to prove that, for a great number of years prior to the commencement of the action, they had cut wood and timber yearly on the premises

adjoining the *locus in quo,* and up to and along the line thereof, for the use of their adjoining premises, which acts were known to, and acquiesced in, by the Plaintiffs and their predecessors. This evidence was objected to by the Plaintiffs and excluded by the Court. This evidence was obviously quite immaterial. It was not disputed that the Defendants had the legal title, and the possession of these adjoining premises. The evidence was not offered with a view to show title in or possession of the premises, when those acts were done, which were outside the fences, embracing and marking the land in dispute. The question before the Court was in regard to this land—the lot in controversy. Was that enclosed by a fence marking and protecting the Plaintiff's possession, and had it been so fenced, and their possession been exclusive and interrupted under claim of title, for twenty-five years? If so, the Defendants' legal title to the land so fenced and occupied was defeated by an adverse possession, without regard to the manner in which they had used the adjoining territory. When the *locus in quo,* and the territory on which the acts indicating ownership were done, are similarly situated as regards enclosures, and other circumstances, such acts may be proved with a view to show occupation of the land in dispute, and an intention to maintain and assert the right of ownership. The cases cited by the Defendants cannot lay down this rule; but the case in hand is widely different. The judge ruled correctly in this case in excluding the evidence offered.

The Plaintiff was allowed to prove the declaration of Hermance and Van Derpool, while they were owners of the property, with a view to show the extent of their actual occupation. In this there was no error. The fact that they were simply off the premises made no difference. They were owners, and in constructive if not in the actual possession, and were defining their possessions to a person negotiating for the purchase. Their declaration was properly admitted.

Nor did the learned judge commit any error in submitting the case to the jury. He instructed the jury very distinctly and clearly, that to enable the Plaintiffs to recover, they must be sat-

isfied from the evidence that the Plaintiffs and their purchasers had held possession of the premises in controversy, under claim of title, for a period of twenty-five years preceding the Defendants' entry, and that such holding, to be efficient against the Defendants' title, must have been clear, definite, exclusive, and uninterrupted. This was a clear and correct exposition of the law applicable to the question submitted to the jury for their determination.

Numerous exceptions to detached portions of the charge, and to refusals to charge, were taken, none of which, however, are of sufficient importance to demand particular comment.

In my judgment, the case was well tried, and the judgment should be affirmed.

All concurred.

Affirmed.

<div style="text-align:right">

JOEL TIFFANY,
State Reporter.