# EDWIN A. SWETTENHAM, RESPONDENT, v. WILLIAM E. LEARY, APPELLANT.

*Declarations of one in possession of land — admissibility of — adverse possession — title to what land may be claimed by — Practical location of boundary line — how established.*

Declarations of a party as to the title claimed by him are admissible as evidence if made while he was in possession of the premises in dispute, and it is not necessary that they should have been made while he was actually upon the land.

One who has entered into possession of and occupied certain premises under a deed, and who has inclosed the same with a substantial fence, is entitled to claim a title, by adverse possession, to the whole of the premises so inclosed, though a portion thereof is not included in the land described in the deed.

To establish the practical location of a boundary line, it is not requisite to prove an actual agreement, but acquiescence in its location, even if erroneous, with occupation in accordance with it, for a sufficient length of time to bar an entry, will suffice.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*J. A. Hathway* and *A. Perry*, for the appellant.

*N. W. Nutting*, for the respondent.

TALCOTT, P. J.:

This is an appeal from a judgment on a verdict for the plaintiff, directed at the Oswego circuit, and from an order denying a new trial.

The action is ejectment to recover a strip of land sixteen inches wide and one hundred feet long, situated on the south side of Cayuga street, in the city of Oswego. The parties owned adjoining lots, the lot of the plaintiff being west of that claimed by the defendant. Both parties traced their titles back for nearly forty years to a common source. It appeared that the defendant, and those under whom he claimed, had been in possession of the lot occupied by him, including the strip in controversy, for more than

thirty years, as we understand the case, having a part of it covered by buildings and the whole inclosed by a substantial fence; and the plaintiff, and those under whom he claimed, had been in possession of the lot next west of the strip in dispute for a like period. After some evidence had been given concerning conflicting surveys, in respect to the boundaries of the said lots, the following circumstances occurred on the trial, the defendant Leary being under examination as a witness in his own behalf. " Question. You always claimed and supposed you owned the premises between all the fences, did you not ? " Witness. " I always claimed it as mine." Objected to; objection sustained. The court. You may show by the witness what he stated he claimed there, if he did state it to anybody while he was in possession. Question. " What was your claim while in possession of those premises ? " Objected to ; objection sustained and excepted to by defendant. The court. He may state what he himself has said to anybody while upon his own premises. Exception taken by defendant's counsel. Question. " You held these premises under this claim of title, did you, this deed ? " " Yes, sir." " And that is the only claim you rested upon ; that was your claim exclusive of any other right ; you held exclusively under your paper title ? " " Yes, sir. I held that I owned up to that fence." Question. " From fence to fence ? " Objected to. The court. " I think you may as well stop right here. The witness swears that he claims under this deed. There is no adverse possession here. You may give in evidence anything to show that the line of your lot is further to the west than the survey makes it, but you have no adverse possession in this case." The defendant's counsel excepted to the ruling. The evidence closed. The court. " As the case now stands, with the boundary line established by the survey made by the surveyor, there is no question to go to the jury." The defendant's counsel requested that the case be submitted to the jury, as to the question of the true line of practical location ; of adverse possession ; but the court overruled these requests and directed that the jury find a verdict for the plaintiff for the land described in the complaint ; to which the defendant excepted.

We think there were several errors committed by the court.

In the first place, the court seems to have confined the evidence

of the defendant's claim of title to declarations which may have been made by him while actually standing on the land in question. The rule is, that declarations on this subject are admissible, if made whilst the parties so declaring is in *possession* of the premises in dispute. (*Abeel* v. *Van Gelder*, 36 N. Y., 513.) And it is not essential that they should have been made on the land. (*Smith* v. *McNamara*, 4 Lans., 169.)

The court seems also to have held that a person who entered and claimed title under a deed could not claim, by adverse possession, any land not lying within the boundaries given in the deed under which he entered ; whereas, the rule of law, as we understand it, is, that a party, in the actual possession of a part of a lot, may claim, under certain circumstances, title by adverse possession of such portions of the same lot as lie within the boundaries described in his deed, though the same have not been actually occupied by him by a *pedis possessionem.* And such seems plainly to be the effect of the provisions of the statutes of limitation relating to real estate. (2 R. S., 294, §§ 9, 10; Code of Civil Procedure, §§ 82, 83.) Especially subdivision, § 10, cited from Revised Statutes, and subdivision 4 of § 83 of the Code, which provide that " where a known farm or single lot has been partly improved, the portion of such farm or lot that may have been left not cleared, or not inclosed, according to the usual course and custom of the adjoining country, shall be deemed to have been occupied for the same length of time as the part improved and cultivated."

" There is no doubt that actual occupancy and a claim of title, whether such claim be by deed or otherwise, constitute a valid adverse possession to that extent. But when a party claims to hold adversely, a lot of land, by proving actual occupancy of a *part only*, his claim must be under a deed or paper title. This distinction has been uniformly recognized and acted upon by this court." (*Jackson* v. *Woodruff*, 1 Cow., 276, 287.) In the case last cited, there is a reference to the case of *Jackson ex dem. Dervient* v. *Lloyd*, decided in October, 1820, but not reported. It appeared that the defendant had a deed for lot No. 4, but took possession of lot No. 5, believing it to be his lot and claiming it as such, and it was held that the defendant could not establish

an adverse possession to the whole lot, by the actual improvement of a part, because no part of number five was included in the deed.

To make the possession of land adverse, so as to avoid a deed, under the statute of champerty, such possession must be under claim of some *specific title*. A general assertion of ownership, irrespective of any particular title, is insufficient. Otherwise, it seems, in respect to adverse possession for the purposes of the statute of limitations. (*Crary* v. *Goodman*, 22 N. Y., 170, and cases cited.)

Where it appears that there has been an actual and continued occupation of premises, under a claim of title, exclusive of any other right for a period of twenty years, the occupier may defend an action to recover the possession of the premises so occupied, whether he has a deed of premises adjoining those so occupied or not; and even though his entry and claim of title was under the mistaken supposition that the premises so occupied were included within the boundaries described in his deed.

As we understand this case, it appears that the defendant had built upon a part of the sixteen inches which the plaintiff now claims, and that the whole of it had been protected by a substantial inclosure, and had been actually occupied by the defendant, claiming to own the same for upwards of twenty years. We think, therefore, the defendant was right in insisting on submitting to the jury his title by adverse possession.

We think, also, there was sufficient evidence to go to the jury on the question of a practical location of the line between the two lots. Where there has been a practical location of a line which has been acquiesced in for a sufficient length of time to bar a right of entry under the statute of limitations, or the erroneous line has been agreed upon between the parties claiming the land on both sides thereof, or the party whose right is to be thus barred has silently looked on and seen the other party doing acts, such for example, as erecting a building, or subjecting himself to expenses in relation to the land on the opposite side of the line, which he would not have done if the line had not been so located, as we understand the authorities, a party in occupation up to the erroneous line may defend an action to recover the land, though the line is shown to have been erroneously located. (*Rockwell* v.

*Adams*, 6 Wend., 467; *Corning* v. *Troy Iron and Nail Factory*, 44 N. Y., 577; *Jones* v. *Smith*, 64 id., 180, 184, 185; *McCormick* v. *Barnum*, 10 Wend., 104; *Smith* v. *McAllister*, 14 Barb., 434.)

We think, therefore, there was evidence to go to the jury on the question of a practical location of the line between the parties to the suit or their predecessors in the title, and that it was not necessary to prove an actual agreement, but acquiesence in the location, even if erroneous, for a sufficient length of time to bar an entry, with occupation accordingly, was sufficient.

The judgment and order denying a new trial are reversed and a new trial ordered, costs to abide the event.

SMITH and HARDIN, JJ., concurred.

Ordered accordingly.