## DIEFENDORF v. THOMAS.

(Supreme Court, Appellate Division, Third Department. January 11. 1899.)

EJECTMENT—EVIDENCE.

Evidence in ejectment that defendant, while occupying the land, claimed to own it, is incompetent, as calling for a conclusion.

Appeal from trial term, Columbia county.

Action in ejectment by Chauncey Diefendorf against Mary Jane Thomas. Judgment was rendered for defendant, and plaintiff appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John L. Crandell, for appellant.

A. F. B. Chace & Sons, for respondent.

PER CURIAM. In reference to the issues in this case—as to the title of the respective parties to the small strip of land which the plaintiff sought to recover, and as to the practical location of the boundary line as claimed by the defendant—the evidence presented questions of fact which were properly submitted to the jury, and we see no reason for disturbing the verdict rendered. We should, therefore, feel called upon to affirm the judgment, were it not for the following exceptions taken by the plaintiff on the trial:

The husband of the defendant was called as a witness in her behalf, and testified that he lived with his wife on the premises, which it was claimed embraced the strip of land in dispute, for about nine years before the trial. The following questions were asked, and answers given:

"Q. You have been living upon this property, with your wife, since she went into possession? A. Yes, sir. Q. Has she occupied the property westerly to this fence you have described, claiming to own it during that time? (Objected to on the same grounds as to like testimony from former witness, and on the ground that it calls for the witness' conclusion, and attempts to prove title by parol evidence, and against a paper title. Overruled. Plaintiff excepted.) A. Yes, sir."

The witness Phillips was allowed to answer the following questions, over the objection of the plaintiff:

"Q. While your wife occupied that property with you, did she claim to own and be entitled to the land lying easterly of the fences which you have spoken of? (Objected to, that it is an attempt to prove title by parol evidence against a written title, and as calling for the witness' conclusion; also, that it does not appear that this defendant has succeeded to the title of Mrs.

Phillips. Mrs. Thomas has not acquired all of the title that was in Mrs. Phillips. Overruled. Plaintiff excepted.) A. She did. Q. And during the time that your wife lived upon the property she occupied it, claiming to own up to the westerly fence, which you have described? (Same objection, ruling, and exception.) A. Yes, sir."

Similar questions to other witnesses, to which the plaintiff objected, were allowed to be answered.

It was competent for the defendant, claiming a practical location of the line between the parties, or an adverse possession, for a period of over 20 years, to show during that period the possession of herself and her grantors up to that line, and that she and they claimed to be the owners of the disputed strip. Such evidence was proper to characterize the possession of the defendant and her grantors; to show an adverse possession; an occupancy under a claim of ownership, and not under the plaintiff or his grantors. Edmonston v. Edmonston, 13 Hun, 133–137; Jackson v. Vreedenburgh, 1 Johns. 159; Abeel v. Van Gelder, 36 N. Y. 513; Smith v. McNamara, 4 Lans. 169; Swettenham v. Leary, 18 Hun, 284; Steph. Dig. 42, note. But such occupancy and claim of title could only be shown by competent evidence. The defendant's husband was allowed, in answer to a question propounded to him, to testify that she occupied the described tract for a period of nine years, "claiming to own it during that time;" and similar answers to like questions were allowed to be given by other witnesses. How did the defendant claim to own the land during the nine years referred to in the testimony of her husband? The answer of the witness to the question so asked him must necessarily have been his conclusion based on what she had said or done during the time in question. The witness could properly have testified that the land was fenced in, used, and occupied by her; what she said at any particular time or times in reference to the true line between her own and the plaintiff's premises. He could prove her declarations with a view of showing that she claimed title up to the fence; but it was, we think, error to allow him to state his conclusion that during the nine years of her occupancy she claimed title to the disputed strip of land, instead of testifying to the acts and declarations of the defendant on which such conclusion was based,—the proper objection having been interposed by the plaintiff. We have been unable to find any authority where such testimony has been held competent. In Abeel v. Van Gelder, supra, the declarations of the owners of the land held properly received were what they said while defining their possession to a person negotiating for the purchase. In Jackson v. Vreedenburgh, supra, the declarations of the party in occupation of the premises in dispute, which it was held should have been allowed to be shown to characterize the possession, were what she said at certain times, to which the attention of a witness was called. So, in other authorities, it will be found that the declarations held competent to characterize possession were what an occupant of land said in reference to his boundary line at some particular time or times. While the defendant could show that she and her grantors had been in occupation of the strip of land in question for a period of over 20 years, and could show the declarations made during that time by her and her grantors as to her west boundary line, with a view of characterizing her pos-

session, it was error, we think, to allow the witness Thomas to give his conclusion, necessarily founded on her declarations or acts, that for a period of over nine years she had occupied the premises in question, claiming to own them during that time, and also to allow similar answers from other witnesses; the plaintiff having interposed the proper objection to such testimony. And see Arents v. Railroad Co., 156 N. Y. 1–9, 50 N. E. 422.

We are unable to determine that the reception of the testimony above referred to may not have affected the verdict, and therefore reach the conclusion that the judgment should be reversed, and a new trial granted; costs to abide the event.