JAMES ALBERT HARRIS et al., Respondents, *v.* MONROE H.
OAKLEY, Appellant.

*It seems* that where, in the description of premises in a deed, courses, dis-
tances and monuments are given, the premises must be located according
to the deed, and all parol evidence of the declarations and acts of the
parties to the effect that a different location was intended is inadmissible,
as contradicting or varying the deed; but where the description is so
vague, obscure or conflicting as to leave the intent of the parties uncer-
tain, their declarations and acts may be proven to determine the intent.
H., was the owner of certain premises divided into two parts by a fence;
on the north part was a hotel and outbuildings, the south part was used
as a garden; he executed a conveyance to defendant, the description includ-
ing the whole premises, "excepting and reserving therefrom 137 feet front
and rear, measuring from George Harrison's north line, * * * being the
piece of land occupied as a garden." H. thereafter conveyed to plain-
tiffs the portion not conveyed· to defendant. The fence was 137 feet
north of Harrison's line at the front end, but in the rear 137 feet extends
nineteen and one-half feet north of the fence, and a line run from this
point to the front parallel with Harrison's line would run diagonally
through a barn or outhouse on the hotel premises. In an action of eject-
ment to recover possession of the triangular strip north of the fence, the
court found that H., at the time of the conveyance to defendant, put
him in possession of this strip, and that the same was in defendant's
possession at the time of the conveyance to plaintiff. *Held*, that a
judgment in favor of plaintiff was error; that as there were two con-
flicting descriptions of the land reserved in defendant's deed the declara-

ₒtions and acts of the parties were proper to be considered for the purpose of showing their intent; and that putting defendant in possession of all the land north of the fence was a practical location of the line and disclosed the intent to be simply to except the garden lot.

(Argued October 7, 1891; decided October 20, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made October 19, 1889, which affirmed a judgment in favor of plaintiffs entered upon a decision of the court on trial at Circuit without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. H. Whiting* for appellant. The deed from Hulin to Harris, if it was intended to convey this triangular piece of land, was absolutely void as to such triangular piece of land under the Statute of Champerty. (1 R. S. 739, § 147; *Christie* v. *Gage*, 71 N. Y. 189; *Sands* v. *Hughes*, 53 id. 295; *Crary* v. *Goodman*, 22 id. 170.) The conveyance to Oakley was intended to and did embrace the premises in dispute. (*Robinson* v. *Kime*, 70 N. Y. 147; *French* v. *Carhart*, 1 id. 102; *Brookman* v. *Kurzman*, 94 id. 276; *Coleman* v. *Beach*, 97 id. 545; *Masten* v. *Olcott*, 101 id. 152; *Case* v. *Dexter*, 106 id. 54; *Thayer* v. *Finton*, 108 id. 394; *Ousby* v. *Jones*, 73 id. 621.) In the construction of these deeds, the intention of the parties is to be ascertained and carried into effect. (1 R. S. 748, § 2; *Donohue* v. *Case*, 61 N. Y. 631.) Parol evidence is admissible of any extrinsic circumstances tending to show what person or persons or what things were intended by the party or to ascertain his meaning in any other respect. (Greenl. on Ev. § 288; *Ely* v. *Adams*, 19 Johns. 313; *Donohue* v. *Case*, 61 N. Y. 631.)

*Albert H. Harris* for respondents. The plaintiffs' title to the triangular piece of land is not void by the Statute of Champerty. (*Crary* v. *Goodman*, 22 N. Y. 170; *Harris* v.

Opinion of the Court, per HAIGHT, J.

*Oakley*, 17 N. Y. S. R. 198; *Dawley* v. *Brown*, 79 N. Y. 390; *Smith* v. *Faulkner*, 15 N. Y. S. R. 637; *Allen* v. *Welch*, 18 Hun, 226.) The legal title of the land in dispute is in the plaintiffs. (*Higinbotham* v. *Stoddard*, 72 N. Y. 98; *Smyth* v. *McCool*, 22 Hun, 595; *Brookman* v. *Kurzman*, 94 N. Y. 276; *Townsend* v. *Hayt*, 51 id. 656; *B., N. Y. & E. R. R. Co.* v. *Stigeler*, 61 id. 348; *Lovejoy* v. *Lovett*, 124 Mass. 270; 3 Washb. on Real Prop. 344.) The court did not err in excluding evidence of declarations and conversations tending to show another or different line or boundary from the line described in the deed. (*Clark* v. *Wethey*, 19 Wend. 320; *Terry* v. *Chandler*, 16 N. Y. 358; *Partridge* v. *Russell*, 18 N. Y. S. R. 687; *Vosburg* v. *Teator*, 32 N. Y. 561; *Clark* v. *Baird*, 9 id. 203.) •

HAIGHT, J. This action was brought to recover the possession of certain real estate situate in the city of Rochester.

It appears that one Truman Hulin was the owner in fee of a parcel of land bounded on the north by Brooks avenue; on the east by what was formerly the Genesee Valley canal, now occupied by the Western New York and Pennsylvania railroad; on the south by land owned by George Harrison, and on the west by Genesee street. The lot was divided by a board fence running through to the canal nearly at right angles with Genesee street, which had existed for many years, and the land south thereof was used by Hulin for a garden. On the parcel north of the fence, there was a hotel with sheds, barn, ice-house, chicken-house, etc. On the 10th day of January, 1883, Hulin conveyed to the defendant and his father by warranty deed all of the premises above described, "excepting and reserving therefrom 137 feet, front and rear, measuring from George Harrison's north line on Genesee street; and also 137 feet from George Harrison's north line on the Genesee Valley canal, *being a piece of land occupied as a garden by said Hulin.*" And on the seventh day of May thereafter, he conveyed to the plaintiffs the whole of the premises first mentioned, excepting and reserving that portion thereof conveyed

to the Oakleys. The fence forming the northern boundary of the garden lot upon Genesee street is 137 feet north of Harrison's line, but in the rear, upon the line of the canal, 137 feet from Harrison's line extends 19½ feet north of the fence. The triangular piece embraced within this description north of the fence is the parcel of land in controversy.

The trial court found as facts: "Sixth. That at the time of the conveyance from said Hulin to the plaintiffs * * * said Hulin was not in possession of the triangular piece of land mentioned in the complaint, but the same was in the possession of the defendant and had been since the 10th day of January, 1883, and the same has never been in the possession of the plaintiffs, but has always, since said 10th day of January, 1883, remained in the possession of the defendant." And again: "Ninth. That at the time of the execution of said deed to defendant, said Hulin put defendant in possession of all that portion of said premises north of said fence, and defendant has ever since been and still is in possession of the same, and was so in possession of said premises at the time of the execution of said deed to the plaintiffs."

It appears to us that upon these findings the conclusion of the trial court cannot be sustained. As we have seen, the fence formed the northern boundary of the garden lot. One of the reservations embraced in the deed was of the garden lot, and if, as found by the trial court, the grantor Hulin, at the time of delivering the deed to the defendant, put him into possession of all of the premises north of the fence, it would seem to indicate that the reservation of the garden lot expressed the intent of the parties, and that the putting of the defendant into possession of all of the lot north of the fence became a practical location of the boundary line between them.

In the record before us there appears to be some misapprehension on the part of the court below as to the competency of parol evidence. We quite agree with the learned General Term that the declarations of a grantor before the execution of a deed tending to establish a boundary other than that made

by the deed are not competent. That the effect of such testimony might accomplish a conveyance of land by parol in contravention of the Statute of Frauds. We will go even farther and say that where, in the description of premises in a deed, courses, distances and monuments are given, the premises must be located according to the deed, and all parol evidence of the declarations and acts of the parties of an intended different location is inadmissible as contradicting or varying the deed. But there is another rule to which we must call attention, and that is, that where the description contained in the deed is so vague, obscure or conflicting as to leave the intent of the parties uncertain, the declarations and acts of the parties may be shown by parol. (*Clark* v. *Wethey*, 19 Wend. 320; *Vosburgh* v. *Teator*, 32 N. Y. 561; *Wood* v. *Lafayette*, 46 id. 484; *Stout* v. *Woodward*, 5 Hun, 340; affirmed 71 N. Y. 590; *Donahue* v. *Case*, 61 id. 631.)

In the case before us we have two conflicting descriptions of the land intended to be reserved by Hulin from the defendant's deed. One reserves 137 feet from the north line of Harrison's land upon the canal. This, as we have shown, would extend $19\frac{1}{2}$ feet north of the fence onto the lot previously occupied in connection with the hotel buildings, and the line so formed would pass diagonally through a barn or shed standing next to the fence used in connection with the hotel. The other description contained in the deed reserved only that part which was used by the grantor for a garden, which was bounded on the north by the fence to which allusion has already been made. The question is, which of these lines was intended. The fence is not mentioned in the deed. Had it been, it would perhaps have become a monument or object which would control the determination of the question, for the rule is that courses and distances ordinarily must yield to natural or artificial monuments or objects. But the word "garden" is used, and it appears that the garden is bounded by the fence, and whilst it may not indicate a definite line as accurately as would a fixed monument, it appears to us, taken in connection with the other facts, to be sufficient to raise a

question of fact as to the intent of the parties, and that the declarations and acts of the grantor at the time of delivering the deed to the defendant, in reference to the delivery to him of the possession of the land, may be properly received in evidence.

The judgment of the General Term and that of the trial court should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed. _____