64    27
139a 390
139a 412

64    27
24ap119

JAMES W. HOLLOWAY, Respondent, v. FRANKLIN H. DELANO and Others, Survivors of ALEXANDER HAMILTON, as Trustees under the Last Will and Testament of WILLIAM B. ASTOR and Another, Appellants. (Action No. 1.)

*Highways — presumption that owners on either side of a highway own to its center — construction of a deed.*

In 1799 the heirs of Charles W. Apthorp owned a large plot of land in a country district, near New York, through which the Bloomingdale road ran. They conveyed property upon the west side of the road to one Shaw, and upon the east side to certain persons named Jauncey. The deed to Shaw described the land as "beginning at the corner of William Constable's land, on the north side of the Bloomingdale road, and running thence along said road," etc. The deed to the Jaunceys described their land as "beginning at the corner of a field, at the junction of the Bloomingdale road with the cross-road that leads to Harlem, thence running along the Bloomingdale road," etc.

In an action brought by a party claiming as heir of Apthorp to recover his share in the Bloomingdale road, now closed, upon the ground that the deed of his ancestor did not convey it:

*Held,* that the law presumed that the proprietors of lands adjoining a public highway owned the fee of the same to the center thereof.

That the intention of the parties to the deeds, as derived from the words of the grant, must govern.

That as to the deed to Shaw the description showed that it was the land of William Constable, and not the point of beginning, which was on the north side of the Bloomingdale road.

That the "corner" was the corner of his lands and those of Apthorp.

That a line running along a highway meant running along the middle of the highway.

That by the deed the heirs of Apthorp parted with their title to the road in front of the property conveyed.

That as to the deed to the Jaunceys the same presumption applied.

That the "corner of a field, at the junction of the Bloomingdale road with the cross-road that leads to Harlem," made the point of beginning the point formed by the center of the two roads.

That as the line ran thence along the road the fee of one-half the road was thereby conveyed.

APPEAL by the defendants, Franklin H. Delano, William W. Astor and Charles F. Southmayd, survivors of Alexander Hamilton, as trustees under the last will and testament of William B. Astor, and by the defendant William W. Astor, individually, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 23d day of October, 1891, upon a verdict rendered by direction of the court in favor of the plaintiff for the recovery of certain premises in the Twelfth ward of the city of New York, between Ninetieth and Ninety-first streets, after a trial at the New York Circuit before the court and a jury.

*William G. Choate*, for the appellants.

*James A. Deering*, for the respondent.

INGRAHAM, J.:

This was an action of ejectment to recover the one undivided one twenty-eighth part of the fee of what was formerly Bloomingdale road, now discontinued as a road by legislative authority, and the title of the plaintiff depends upon the construction to be given to the description contained in the two deeds executed by the heirs-at-law of Charles W. Apthorp, and dated, one July 19, 1799, and one August 6, 1799.

The plaintiff sues as heir-at-law of Charles W. Apthorp and claims that the fee of the street was not included within the description in the deeds mentioned. The plaintiff's cause of action must depend upon the strength of his title to the property. Whether or not defendant has title is immaterial. In considering this question we must start with a recognition of certain presumptions. Thus it is "an established inference of the common law that the proprietors

of land adjoining a public highway are the owners of the fee of said highway  *  *  *  and that the proprietors on each side, presumptively, own the soil in fee to the center of the highway." (*Wager* v. *Troy Union R. R. Co.*, 25 N. Y., 529.)

"A conveyance of land bounded by an existing street carries the fee to the center, because a narrow strip such as half of a street is much more valuable to the grantee than to the grantor, and the parties are supposed to have so dealt with the property as to bring out its greatest value." (*In re Ladue*, 118 N. Y., 219.) And while this presumption is in every case that the grantor does not intend to retain the fee of the soil, within the lines of the street, such presumption may be overcome by the use of any terms in describing, the property granted, which clearly indicates an intention not to convey the soil of the street or stream.

It is not sufficient to exclude from the operation of the grant the soil of the highway. *Usque ad medium filum* that the grant is made with reference to a plan annexed, the measuring or coloring of which would exclude it, or by lines of measurements which would only bring the premises to the exterior line of the highways or by any similar expressions. Although the highway is in one sense a monument, it is regarded as a line, and the center of the highway in such case is regarded as the true boundary, as is the case when a tree or stone or other similar object is designated as a monument, and in the absence of any other indication is regarded as giving the true boundary or limit of the grant. (*White's Bank of Buffalo* v. *Nichols*, 64 N. Y., 71.)

This presumption that the owner of land abutting on a highway owns to the center is much less strong in respect to lands in large cities. (*English* v. *Brennan*, 60 N. Y., 610.)

And it is a universal rule that whether a grant of land that is bounded by a highway or running stream extends to the center of such highway or stream, or is limited to the exterior line or margin of the same, depends upon the intent of the parties to the grant as manifested by its terms, so that the question as to the true boundary is in all cases one of interpretation of the deed or grant.

Applying these rules to the deeds in question, we have to determine what was the intent of these parties, the grantors and grantees, in 1799, as to whether or not the fee of the road in front of these

pieces of ground granted should be included in the grant, or should remain the property of the grantors.

The two deeds included within the property conveyed the land on both sides of the Bloomingdale road between Ninetieth and Ninety-first streets in the city of New York. At the time of this conveyance the premises in question were far from the city proper; it was a country district; the Bloomingdale road was a highway, and the property conveyed by the deeds included several acres of land, the grantors owning a large plot of land through which ran the highway in question. They conveyed the property upon the west side of the highway to John Shaw, and upon the east side to William and Mary Jauncey, the deeds being dated within a few days of each other. The deed apparently first executed was that to John Shaw, conveying the piece of land on the west side of the highway. The description in that deed is as follows: "Beginning at the corner of William Constable's land on the north side of the Bloomingdale road, and running thence along said road north 38 degrees, east 8 chains, 45 links," and thence, after several courses, to the place of beginning, containing nineteen acres, three rods, five perches, according to a map thereto annexed, made by Benjamin Taylor, one of the surveyors of the city of New York, etc.

It is impossible to find in this description any intention of the parties that the fee of the highway was not to pass so as to overcome the presumption before referred to. The point of beginning is "at the corner of William Constable's land on the north side of the highway."

In the deed, as printed in the record, there is no period or comma between the words "Constable's" and "lands," and a reading of the description makes it clear that it was William Constable's land that was on the north side of the highway, and not the point of beginning. The point of beginning was the corner of Constable's land where it joined the land of the grantors. According to the presumption that we have seen exists, Constable owned to the center of the highway, subject to the easement in the public to use one-half of the highway as a public road, and when a piece of land is upon a line that begins at the corner of Constable's land it must be presumed that the parties intended that the corner was the corner of the parcel of land owned by Constable in fee; and as Constable owned the land and

the highway it was the corner of that land, and not the corner of the piece of land bounded by the highway.

The line then runs along the highway, and that under all the decisions would mean the middle of the highway; and this construction of the description in the deed, as showing the intention of the parties, is strongly confirmed by all the surrounding circumstances.

Here was a piece of land far from the settled portion of the city. The land itself was at that time of little value; the highway was and had been for a long time a public highway, and no possible reason appears whereby it can be inferred that these grantors at that time had the slightest idea that this property in this portion of the city would become of much value, or that the fee of the highway would ever be of any use except to the owners of adjoining property, and they sold at the same time the property on both sides of the highway.

It is inconceivable that there was any express intention at that time to retain the naked fee of the highway itself, or that the grantees in the deeds ever supposed that the fee of the road in front of their premises that they had purchased was vested in others who had no interest in the adjoining property.

In coming to this conclusion we have not overlooked the cases of *English* v. *Brennan* (60 N. Y., 609); *White's Bank, etc.* v. *Nichols* (64 id., 65), and *Kings County Fire Insurance Company* v. *Stevens* (87 id., 287), upon which the court below relied, and which have been strenuously urged upon us as being inconsistent with this conclusion upon this appeal. In those cases the principles before referred to have been expressly recognized, and the presumption of the intention to grant the fee of the highway has been held to have been overcome, because in the description of the property conveyed by the grants, the highway itself was excluded, and particular stress appears to be given in these cases to the fact that the description contained in the deed commenced at a fixed point which was upon the edge of the highway, so that the court could not say that it was the intention of the parties that the point of beginning was in the center of the highway, when the parties in express terms had limited it to the edge of the highway.

We are bound by these decisions and the principles there adopted, but are certainly not bound to extend them to a case where the description of the land is not limited by the outer edge of the road.

As was said by ALLEN, J., in the case of *Mott* v. *Mott* (68 N. Y., 252): " When lands are granted bounded upon a highway or a stream not navigable, unless by the terms of the grant or by necessary implication the highway or the bed of the stream are excluded, the title will pass to the center of the highway or stream.   The reason is obvious.   Ordinarily, in a conveyance of that kind, there is no purpose to be served in the retention by the grantor of a narrow strip of land along the boundaries of the land conveyed and between it and the land of other proprietors, or in the bed of a stream; and the intent to grant them will, therefore, be presumed by the conveyance of the adjacent lands bounded ' by,' or ' upon ' or ' along ' such highway or stream, or other equivalent phrases."   And it seems to me clear that this · expressly applies to the deed now under consideration.

The land granted commenced at the corner of Constable's lands, but that corner is not fixed by the deed or by any monument as the side of the road, but is the corner of Constable's line, and runs thence along the road.

As was stated in the *Matter of Ladue* (*supra*), in considering the conveyance of a tract of land in the vicinity of the property in question, " this case illustrates the importance of the presumption upon which our decision rests.  In an early day, when land was cheap, Stilwell conveyed part of a farm that is now in a crowded city and of great value.   To hold that he intended to reserve the fee of a street, with reference to which, as laid down on a map, he conveyed the property adjoining, would be in conflict not only with his probable intention, but with public policy as well."

We think, therefore, that, under the description of the Shaw deed, the plaintiff's ancestor parted with his interest in the Bloomingdale road in front of and adjacent to the property thereby conveyed.

What we have said in relation to the Shaw deed applies with equal force to the Jauncey deed.   That description is as follows: " Beginning at the corner of a field at the junction of the Bloomingdale road with the cross-road that leads to Harlem; thence running along the Bloomingdale road south 35 degrees, west 7 chains, 50 links," and thus by various courses to the place of beginning, containing forty-two acres and five perches, according to a map, etc., thereto annexed.

Here the point of beginning is at the corner of a field at the junction of Bloomingdale road with the cross-roads that lead to Harlem, and the presumption that the owner of that field owned to the center of both roads would apply, and the point of beginning is, therefore, the point formed by the center of the two roads.

The line thence runs along the Bloomingdale road, and it seems to us clear that, by such conveyance, the fee of half of Bloomingdale road in front of the property described was included in the property conveyed, and the fee passed to the grantees in the deed.

Many cases have been cited that have been examined, but the principles before stated have been recognized in most of the cases and are firmly established by decisions of the highest court of this State. To reconcile all of these decisions would be extremely difficult, if not impossible, and it will not be attempted.

We think that the conclusion to which we have arrived is founded upon principle and is the application of the rules of law that have existed for centuries, and under which much property has been conveyed and is now held; and that this presumption of the intention of the parties to a deed that, upon a conveyance of land upon a street or highway, one-half of the street or highway should pass to the grantee and be included in the conveyance should always be enforced, unless, from the conveyance itself, it clearly appeared that such was not the intention of the parties, as where, by the bounds of the property conveyed, the fee of the highway is expressly excluded.

As the title of the plaintiff, therefore, to the fee of Bloomingdale road failed, the complaint should have been dismissed, and the judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

Van Brunt, P. J., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide event.