JAMES W. HOLLOWAY, RESPONDENT, v. FRANKLIN H. DELANO AND OTHERS, SURVIVORS OF ALEXANDER HAMILTON, AS TRUSTEES UNDER THE LAST WILL' AND TESTAMENT OF WILLIAM B. ASTOR AND ANOTHER, APPELLANTS.   (ACTION NO. 2.)

*Easements — an abutting owner — his right in a highway is distinct from that of the public — his easement is not lost by closing the highway — Laws of 1867, chap. 697.*

In 1800 Charles Apthorp and others conveyed lands to one Vanderbilt, bounded upon the Bloomingdale road (now in the Twelfth ward of the city of New York), by a deed which did not convey the fee in the road in front of the premises. In 1868 the commissioners of the Central Park, under chapter 697 of the Laws of 1867, closed the road.

In an action of ejectment brought to recover the fee in the road by one claiming as heir of Apthorp:

*Held,* that Vanderbilt and his grantees acquired an easement in that half of the road which abutted upon his premises, even though Apthorp reserved the fee in the road.

That such an easement is distinct from the right of the public to use the road, and is subject to that right.

That the closing of the road did not authorize the owner of the soil under it to use the road in any manner which would defeat this right of way of the abutting owner.

APPEAL by the defendants, Franklin H. Delano, William W. Astor and Charles F. Southmayd, survivors of Alexander Hamilton, as trustees under the last will and testament of William B. Astor, and by the defendant William W. Astor, individually, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 23d day of October, 1891, upon a verdict for the plaintiff for the recovery of certain premises in the Twelfth ward of the city of New York, between Ninety-first and Ninety-second streets, west of Tenth avenue, after a trial at the New York Circuit before the court and a jury.

In 1868 the commissioners of the Central Park closed the Bloomingdale road under authority given them by chapter 697 of the Laws of 1867.

*W. G. Choate,* for the appellant.

*James A. Deering,* for the respondent.

INGRAHAM, J.:

This action is ejectment to recover possession of a strip of land, formerly a part of Bloomingdale road, between Ninety-second and Ninety-third streets, in the city of New York.

The question to be determined depends upon the construction to be given to two deeds, one from Charles Apthorp and others to William Jauncey and others, dated August 6, 1799, and one from Charles Apthorp and others to Oliver Vanderbilt, dated February 28, 1800.

In the case of Holloway v. Delano (Action No. 1), decided herewith we construed the deed of Apthorp to Jauncey as conveying the fee of the east half of the Bloomingdale road, and the plaintiff has, therefore, failed to show a title to the east half of the property, to recover which the action is brought.

The deed of Charles Apthorp to Vanderbilt, however, does not convey to the grantees the west half of such road, and the plaintiff, as heir-at-law of Charles Apthorp, is the owner of the fee of the west half of said Bloomingdale road, between Ninety-second and Ninety-third streets.

The description in the Vanderbilt deed is: Beginning at a corner on the west side of the Bloomingdale road, at the northerly side of a private road leading to Hudson river, and running thence along the west side of the Bloomingdale road, aforesaid, north 35 degrees, east 3 chains and 60 links, and thence by several courses to the place of beginning.

This description plainly excludes the fee in front of the premises. It is materially different from the description contained in the other deeds that we have had occasion to consider in these actions.

I think, however, that the grantee named in the Vanderbilt deed acquired an easement in the west half of the street abutting on the premises conveyed by this conveyance.

In considering this question, the distinction between an easement granted by the deed in the road immediately abutting upon the property conveyed and in the portion of the road that does not so abut should be kept clearly in view.

In this case it is the right of the grantees of land bounded upon the highway, when the grantor owns the fee of the highway in and to the portion of the highway that abuts upon his premises that is

to be considered, and not his interest in the road that does not so abut.

It is undoubtedly settled in this State that the grantee of a piece of land abutting upon a public street or highway acquires no private interest in such street or highway beyond the portion thereof that directly abuts upon the land conveyed.

It was so held in *Wheeler* v. *Clark* (58 N. Y., 270), where CHURCH, Ch. J., delivering the opinion of the court, says: " The plaintiff claims, however, that he is entitled to a private right of way over that portion of the old road, in front of the defendant's premises and extending to the center; and he predicates this right upon two grounds, viz., by prescription or by grant or a reservation in the nature of a grant," and it was held that the plaintiff could not obtain such a right by prescription; that there could not be the requisite user under an adverse claim of right against the owner, and what all the grants conveyed to the grantee was; that the owners of the lots and the public were to have the same rights which were to use them as public streets, avenues and roads, and that they were to be kept open accordingly, that is as public streets, there being no intimation in the language of any right additional to that of the public or that any of the parties would be possessed of any after the streets ceased to be used by the public; and the same rule was again applied in *Kings County Fire Insurance Company* v. *Stevens* (101 N. Y., 416).

The decision in these cases, however, does not apply to land in the street or highway abutting upon the premises conveyed. Thus in *Kings County Insurance Company* v. *Stevens* (*supra*), which was an action brought to restrain the defendant from entering upon a strip of land, to which plaintiff claimed title under a claim of right of way over the *locus in quo*, it was held that the city could, with the aid of the legislature, close the street without specific compensation to the defendant, and did so effectually, as against her, so far as the *locus in quo* is concerned; and in speaking of the claim that the principle decided in *Story* v. *The New York Elevated Railroad* (90 N. Y., 122), preserved to the defendant, as an abutting owner, a property in the street of which he could not be deprived without compensation, the court said: " We need not consider or discuss that question, for the closing of the street here in controversy

is in front of plaintiff's premises, and not of hers, and does not take from her light, air or convenience of access; no right appurtenant to her lot, as abutting on the street, has been infringed."

And in *King* v. *The Mayor* (102 N. Y., 175), the question was as to the ownership of an award made to compensate the owners of property for damages sustained by the public closing of the street, and it was held that the plaintiff was entitled to the award, because when the street was closed and the damages sustained, for which the award was made, the plaintiffs were the owners of the premises, and, therefore, became entitled to the amount which might be awarded for the injury done, and that a subsequent conveyance of the premises did not convey the right to collect the award, when made for the damages sustained by the closing of the street prior to the conveyance. What the court said in that opinion is said in relation to the claim of the defendant, who was the subsequent grantee; that he, and not the plaintiff, was entitled to the award.

The other cases cited by plaintiff have been examined, but do not expressly decide the question here presented and do not require further comment.

That an owner of land does acquire an interest in a street abutting on his property where the conveyance of such property to such owner bounds the property by the street, and where the grantor owned the fee of the street, even though the conveyance excludes the fee of the street separate and distinct from the right of the public to use the street as a public road or highway, is clear upon principle, and is settled by authority; and such right arises from the implied covenant in the deed when it conveys the property bounding it by the street, that there is a street, and that, so far as the property of the owner of the fee in the street is concerned, such parts of the street as abutted on the property conveyed shall remain open as a street for light, air and right of access to such abutting property.

This easement, of course, is subordinate to the right of the public to use the road or highway, as such right the grantor had no power to convey or affect, but is a right that binds and controls the grantor's interest in the street whatever it may be, and gives to the grantee the right to insist that the grantor, or those claiming under him, shall not so use his interest in the street as to interfere with this right or easement acquired by the implied covenant contained in the grant.

This principle is most satisfactorily established by the Supreme Court of Massachusetts in the case of *Parker* v. *Framingham* (8 Metc., 267). The question was there expressly presented and such easement upheld by the court. Chief Justice SHAW, delivering the opinion, says: " It seems reasonable, and quite within the principle of equity on which this rule is founded, to apply it to the discontinuance of a highway; so that if a man should grant land bounding expressly on the side of a highway, if the grantor own the soil under the highway, and the highway, by competent authority, should be discontinued, such grantor could not so use the soil of the highway as to defeat his grantee's right of way or render it substantially less beneficial. Whether this should be deemed to operate as an implied grant, or as an implied warranty, covenant and estoppel, binding on the grantor and his heirs, is immaterial."

The opinion in this case would, in the absence of controlling authority to the contrary, be a sufficient authority to establish the defendant's right to an interest in that portion of Bloomingdale road abutting upon their property, and I think a consideration of the cases in this State show that this principle has been expressly approved and followed.

In the case of *White's Bank of Buffalo* v. *Nichols*, ALLEN, J. (64 N. Y., 73), in delivering the opinion of the court, says: " When land is granted bounding on a street or highway, there is an implied covenant that there is such a way; that so far as the grantor is concerned, it shall be continued, and that the grantee and his heirs and assigns shall have the benefit of it." Citing as an authority the case of *Parker* v. *Framingham* (*supra*); and the principles stated in *Parker* v. *Framingham* were applied by the Court of Appeals in the case of *De Peyster* v. *Mali* (92 N. Y., 267). That was an action brought to recover the awards made by the commissioners for certain property taken for Riverside Park and Riverside drive, and the court stated the rights of the respective parties in and to the westerly half of Bloomingdale road, which had been taken for such public use as follows:

" The plaintiff owned in fee the land in the westerly half of Bloomingdale road, which land was subject to a perpetual easement for the public road, and a private easement for the owners of abutting land, and the Riverside drive was laid out in such road

and took the place thereof, and the land thereof was appropriated for the same."

An examination of this case in the Supreme Court (27 Hun, 442), shows that that private easement was acquired only by the grant of property bounding it on Bloomingdale road, thus expressly recognizing the right of the owner of the abutting property to a private easement in the road.

That case was decided by the Court of Appeals upon the principle that this private easement of the owner was not at all affected by the fact that the fee of Bloomingdale road had been acquired by the city in trust for a public street, but that the fee having been thus acquired by the city, the abutting owner enjoyed the same easement in the road that he had before enjoyed when the fee remained in the plaintiff.

These authorities recognize the principle that where land is conveyed bounded upon a public road or highway, and the grantor owns the fee of the road, that such fee becomes at once subject to the easement which becomes appurtenant to the adjoining land; that the road, or the interest of the grantor in the road, shall be kept open as a public road so that the abutting owner shall have a right to use such fee for light, air and means of access to his abutting property, and that is independent of the right of the public to use the road as a public road or highway.

The rights of abutting owners have been very largely discussed by the courts of this State in the cases brought against the Elevated Railroad Company by property owners to recover for the appropriation by the Elevated Railroad Company of the streets of the city of New York.

In the case of *Abendroth* v. *New York Elevated Railroad Company* (122 N.Y., 1), and *Kane* v. *New York Elevated Railroad Company* (125 id., 175), the question was presented as to what interest, if any, an abutting owner had in the streets of the city of New York the fee of which was in the city, and where there was no covenants by grant, either express or implied, that the streets should be kept open as public streets, and the opinion in both of those cases recognized the right of an abutting owner, where he has received a conveyance bounded upon an existing street, where the grantor owns the fee of the street to an easement, that the street should be kept open as a

public street, and that the right to its use for light, air and means of access became appurtenant to the abutting property.

Thus, in the Kane case, ANDREWS, J., says : "We do not perceive that these grants either weaken the plaintiff's case or strengthen that of the defendant.   The defendant does not claim under the grantees; and if the fee of the street is in private persons, their title is nominal merely, and as against them the plaintiff has clearly a prescriptive right; nor could such title prevent the acquisition by plaintiff and his predecessors of rights against the public in the nature of easements under the views hereinbefore stated."

In the Story case (90 N. Y., 145) the right of the plaintiff to recover was expressly placed upon the implied covenant in the deed from the city of New York to Story's grantor, which "secured to the plaintiff the right and privilege of having the street forever kept open, as such. · For that purpose, no special or express grant was necessary ; the dedication, the sale in reference to it, the conveyance of the abutting lot with its appurtenances and the consideration paid were of themselves sufficient."

The judgment in the case adjudges that the plaintiff recover of the defendants the possession of the property described in the complaint, and as it appears that plaintiff is not entitled to the possession of such property the judgment must be reversed.

There are other questions presented, but for the reasons stated the judgment must be reversed; it is not necessary now that they should be determined.   The judgment must be reversed and new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., concurred.