HOLLOWAY *v.* SOUTHMAYD *et al.* (No. 1.)

(*Supreme Court, General Term, First Department.* April 14, 1892.)

</div>

1. DEED—WHAT LAND PASSES—FEE OF ADJOINING HIGHWAY.
    A deed describing the land as beginning "on the north side" of a highway, "at the corner of" a lane, and running along the lane, and thence by various courses to the highway, and thence along the highway to the starting point, conveys the fee of the adjoining half of the highway.

2. SAME—EASEMENT IN HIGHWAY.
    Assuming that such deed does not convey the fee of the highway, it impliedly grants an easement of light, air, and access in the adjoining half of the highway; the title being in the grantor.

Appeal from circuit court, New York county.

Ejectment by James W. Holloway against Charles F. Southmayd and others. Judgment for plaintiff. Defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and INGRAHAM, J.

*Evarts, Choate & Beaman,* (*William B. Choate,* of counsel,) for appellants.
*James A. Deering,* for respondent.

INGRAHAM, J. This action presents substantially the same question as is presented in the actions of *Holloway* v. *Delano,* 18 N. Y. Supp. 700, 704, (Nos. 1 and 2, decided herewith.) This question requires the construction of two deeds,—one of Charles Apthorp and others to William Jauncey and Mary Jauncey, which is one of the deeds construed in the decisions on the appeal in *Holloway* v. *Delano;* and the deed of Apthorp to David M. Clarkson, dated October 15, 1779. So far as the Jauncey deed is concerned, we have held in the case of *Holloway* v. *Delano,* No. 1, that the deed of Bloomingdale road in front of the described premises to the middle of the road was included within the premises conveyed, and that plaintiff had no title to half of the road. It is unnecessary here to repeat the reasons that lead us to that conclusion, and, applying the principles there stated, we are of the opinion that the same construction should be given to the Clarkson deed. The Clarkson deed was dated a little over two months after the Jauncey deed and the Shaw deed, referred to in the decision in *Holloway* v. *Delano,* and the description of the property conveyed is as follows: "All that certain tract or parcel of land situate at Bloomingdale, in the Seventh ward of said city of New York, and butted and bounded as follows, to wit: Beginning on the north side of the Bloomingdale road, at the corner of the lane leading down to Mr. Striker, and running along the same (the lane leading to Striker) north, 58° west, 10 chains, 60 links; and thence by various courses to the Bloomingdale road; thence along said road north, 28° 30′ east, 9 chains and 75 links, to the place of beginning, containing ten acres, according to a map thereto annexed." In determining the intention of the parties to this conveyance, what was said by the court of appeals in *Re Ladue,* 118 N. Y. 219, 23 N. E. Rep. 465, is pertinent: "The question now arises, what is the extent of such a grant? Does it go to the margin or the center of the road as laid down upon the map? This depends upon the intention of the parties, as gathered from the terms of the deed, the situation of the land, where there is doubt as to the intent from the practicable construction of the grantor and grantee and their successors in title." The construction, in case of ambiguity, should be most favorable to the grantee. The presumption is that a conveyance of land bounded by an existing street carries the fee to the center, because a narrow strip, such as half of a street, is much more valuable to the grantee than to the grantor, and the parties are supposed to have so dealt with the property as to bring out its greatest value." This description conveys a certain tract or parcel of land, and it is butted and bounded as follows: "Beginning on the north side of Bloomingdale road." There is no absolutely certain point or monument that the court can see, as in the *Stevens Case,* 87 N. Y. 290, where the premises were described as beginning at a point on the southerly side of the road. In this description there is no point fixed, but the property is butted and bounded as beginning on the north side of the Bloomingdale road, at the corner of the lane leading down to Mr. Striker's. It runs thence north along the lane, and finally returns to the Bloomingdale road, and runs thence along the said road north to the place of beginning. In the case of *Luce* v. *Carley,* 24 Wend. 451, the course began at "a hard maple tree, standing on the east branch of the Onondaga river," and then, after giving other courses and distances, the description proceeded: "Thence west to the east bank of the river, and thence along the river to the first-mentioned bound;" and it was held that the grantee takes to the center of the stream. And the court of appeals in the case of *Seneca Nation of Indians* v. *Knight,* 23 N. Y. 500, cites this case, and says "This rule is recognized in many adjudged cases, which need not be cited. We have no doubt as to the justice and policy of the rule, nor that in most cases it gives effect to the actual intention of the parties to such grants."

And, while some of the opinions in some of the later cases have contained expressions which would appear to be to some extent inconsistent with the rule here adopted, these cases cited have never been reversed or expressly disapproved of, and none of the cases that are binding upon this court have expressly decided any case which is inconsistent with this rule; and it seems to us that the rule here laid down is founded upon the plain principles of the common law, and gives effect to the real intention of the parties.

In the case in question, considering the surrounding circumstances, the fact that this road was through a portion of Manhattan island, which was far removed from the thickly settled portion of the city; that no city streets had been laid out at the time of the conveyance in this neighborhood; that the grantors had conveyed the property on the other side of the road, and had parted by that conveyance with all interest in the other half of the road; that the road was then of comparatively little value,—it is impossible to conceive that there was any real intent of either the grantor or grantee at the time of the conveyance that the naked fee of the street in front of the property should be retained by the grantor. No possible motive can be suggested which would make it reasonable that the grantor should desire the naked legal title to such strip of land, while the grantee had every motive for intending and wishing to be the owner of such property. He could use the soil of the street for conveying water to his premises or planting of trees in front of his property, for using it to drain his lands, and for all the uses to which the soil of the street could be used without interfering with the easement of the public; and the sole expression in this whole deed that can be said to overcome this presumption and divest this grantee of this right important to him, and vest in the grantors the, to them, unimportant and useless ownership of the fee of the street, is that the plot of land is described and bounded as beginning on the north side of the Bloomingdale road, at the corner of the lane, instead of beginning on the Bloomingdale road, at the corner of the lane. That the insertion of the words "north side" in the description is to expressly exclude from the property conveyed the fee of the road; but in this case, while the point of beginning was on the north side of the road, the boundary did not run along the Bloomingdale road, but it did run along the lane leading down to Mr. Striker's for a distance, and then, by other courses and distances, the line ran to the Bloomingdale road. That line, running to the Bloomingdale road, and thence along the road, would clearly go to the center of the Bloomingdale road, and thence along the Bloomingdale road would be along the middle of the road. See *Mott* v. *Mott*, 68 N. Y. 252. And the fact that the description came back to the point or place of beginning, which was on the north side of the road, would not prevent the line, when it ran to the road, from going to the center of the road, and thus along the center of the road to a point opposite the point on the north side of the road, the place of beginning, and then to the place of beginning.

But, assuming that our construction of this deed is wrong, and that the fee of the street was, by the description used, excluded for the reasons stated in the case of *Holloway* v. *Delano*, 18 N. Y. Supp. 704, (action No. 2, decided herewith,) we think the defendants have an easement of light and air and access appurtenant to their property that abuts upon Bloomingdale road over the portion of Bloomingdale road in front of said property. We have stated in the *Delano Case* our reasons for this conclusion. The judgment appealed from is therefore reversed, and a new trial ordered, with costs to appellant to abide the event.