EMILY COCHRAN, Respondent, v. OLIVER C. SMITH, Appellant.

*Highway — inference of the ownership of the fee thereof — road or stream as a boundary to land — construction of a grant — province of the jury.*

It is an established inference of law that the proprietors of land adjoining a public highway are the owners of the fee of the highway, and that a conveyance of land bounded by a highway carries with it the fee as far as the center thereof, as part of the grant.

When a road or an unnavigable stream of running water is used as a boundary in a grant of land, the title will pass to the center of the road or stream, unless there be something in the grant to indicate a contrary design. A road is regarded as a line, and its center in such case is the true boundary in the absence of other indications.

The employment in a grant of the words "by," "upon" or "along" a road manifests an intention to include the road in the grant to the center line thereof.

Where the place of beginning in a deed is at the junction of a road and an avenue, the presumption being that the grantor owned to the center of both roads, the place of beginning is the junction of the center lines of the two roads.

While it is the province of the court to construe a written instrument, yet it is the province of the jury, from all the evidence, to determine the boundary lines of land in controversy in legal proceedings.

APPEAL by the defendant, Oliver C. Smith, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 14th day of November, 1892, upon a verdict rendered by direction of the court after a trial at the Suffolk Circuit.

*Timothy M. Griffing*, for the appellant.

*Wilmot M. Smith*, for the respondent.

DYKMAN, J.:

This is an appeal by the defendant from a judgment entered upon a verdict directed by the court in favor of the plaintiff. The action is for trespass on land, and its decision requires the location of the boundary line between the lands of the parties, which originally belonged to Sarah Smith, the mother of the plaintiff and defendant.

In June, 1883, Sarah Smith conveyed to the defendant the land which he now claims, bounded northerly by Bayport highway four rods and sixteen links; westerly by lands of Sarah Smith, the

grantor, twenty rods; southerly by her lands also, eight rods and five links, and easterly by the land of Edward Gillette twenty rods and ten links, containing about one acre of land. Locust boundary stakes were placed at the corners of the premises so conveyed.

In November, 1885, Sarah Smith conveyed to the plaintiff a parcel of land, of which the boundaries will be given hereinafter.

Our task is the location of the boundary line between these two parcels of land, and that location depends upon the true interpretation of the two deeds. Although such is the general rule, yet there are some aids to be invoked in the construction of these instruments.

The land conveyed to the plaintiff fronts upon two roads; Bayport highway is on the north and Fairview avenue is on the west, and they form a junction at the northwest corner of her lot.

The Bayport highway also lies north of the land of the defendant, which is east of the land of the plaintiff. The land of the defendant is bounded on the east by land of Edward Gillette, so that the two parcels lie between Fairview avenue on the west, Bayport road on the north, the land of Gillette on the east and other land of Sarah Smith on the south. The east and south lines are undisputed. It is the center line between the two which is in dispute.

It was the design of the grantor of these parties to carve out between those lines two parcels which should each contain one acre of land. We must now divide the land as the grantor intended to do, and that requires the location of the center line. To fix this line it will be necessary to determine whether the conveyance to the plaintiff included any portion of Fairview avenue, and that question requires some examination. In approaching it we shall find it useful to observe some well-recognized presumptions. In the first place, it is an established inference of law that the proprietors of land adjoining a public highway are the owners of the fee thereof. (*Wager* v. *Troy Union Railroad Co.*, 25 N. Y. 526.) Also that a conveyance of land bounded by a highway carries with it the fee to the center thereof as part of the grant. (*Bissell* v. *R. R. Co.*, 23 N. Y. 61.) Of course such presumption may be surmounted by evidence.

When a road or an unnavigable stream of running water is used as a boundary in a grant the title will pass to the center of the road

or stream unless there be something in the grant to indicate a contrary design.

A road is regarded as a line and its center in such cases is the true boundary in the absence of other indications. (*Mott* v. *Mott*, 68 N. Y. 252; *White's Bank* v. *Nichols*, 64 id. 71.)

It will be in order now to consider the language employed in describing the land conveyed to the plaintiff, and preliminarily we may state that the location of the line between these parties is dependent upon the westerly line of the plaintiff's land. If we can locate that westerly line the problem is solved. The language of the description in the plaintiff's deed is this : " Commencing at the northwest corner thereof (*i. e.*, the land conveyed) at the junction of Fairview avenue with the main road running through Bayport, thence running southerly by Fairview avenue 20 rods, thence running easterly 8 rods to lands of Oliver C. Smith (the defendant), thence running northerly by land of Oliver C. Smith 20 rods to the main road running through Bayport, thence running westerly by last-mentioned road 8 rods to the place of beginning. Containing just one acre of land."

So it is that the place of beginning is the junction of the two roads and the line runs " by " Fairview avenue, then easterly, then northerly " to the main road," then westerly " by last-mentioned road," and the employment of the words " by " " upon " or " along " a road manifests an intention to include the road in the grant to the center line. (*Mott* v. *Mott, supra.*)

Here the place of beginning being the junction of Fairview avenue and the Bayport road, and the presumption being that the grantor of the plaintiff owned to the center of both roads, the place of beginning is the point at the junction of the center line of the two roads. (*Halloway* v. *Delano*, 18 N. Y. Supp. 700.) From that point the line runs southerly " by " the avenue, and so, in obedience to the rule we have stated, it runs with the center thereof, then returning when the Bayport road is reached, the line runs " by " that road, and so by the center line of the same. The language is plain and free from obscurity, and our conclusion from it is in accordance with all the adjudicated cases and the elementary writers.

This result is strengthened by some undisputed facts.

When the plaintiff's lot was measured, the measurements commenced in the middle of Fairview avenue at the north end of her westerly line and a bolt was driven in the ground at that spot.

Again, in the fall of 1890, the surveyor located the line now in dispute in the presence and with the assent of the plaintiff. His survey commenced in the middle of Fairview avenue and gave the plaintiff one acre of land west of that line and gave the defendant all east of that line to the land of Gillette.

Again, if the center of the avenue is taken as the plaintiff's westerly line, she will have just an acre of land west of the line claimed by the defendant, but if Fairview avenue be excluded from the computation, then she will not have an acre west of the line claimed by her.

Moreover, when the defendant received his deed and when the parties had no reason for misrepresentation, stakes and irons were placed at the corners of his property as he now claims it.

Our conclusion is that the direction of a verdict for the plaintiff was erroneous. While it is the province of the court to construe written instruments, it is yet the province of the jury to determine boundary lines of land in controversy in legal proceedings from all the evidence.

In our view the evidence requires a verdict in favor of the defendant, but the question of fact must be left to the jury under proper instructions as to the legal effect of the deed of conveyance, and the evidence adduced by each party.

The judgment should be reversed and a new trial granted, with costs to abide the event.

BARNARD, P. J., and PRATT, J., concurred.

Judgment reversed and new trial granted, costs to abide event.