(20 App. Div. 34.)

## PHILLIPS v. RITTER.

(Supreme Court, Appellate Division, Second Department. July 13, 1897.)

DEED—PROPERTY CONVEYED—ACTS OF PARTIES.

> Plaintiff and defendant claimed adjoining lots under a common source of title. The deed to defendant, which was the elder, described his easterly line, which was the dividing line between the lots, as running from a point four feet six inches from a certain corner, parallel with his westerly line, to a certain other point. In fact, the line between the points named was not parallel to the westerly line. Plaintiff's deed described the line as running from a point six feet from the corner, which made it parallel with. defendant's westerly line. The parties had occupied their lots for 18 years from the first conveyance from the common source of title, on the lines of plaintiff's deed. *Held* that, as the description in defendant's deed was inconsistent, such occupation had settled its true construction, locating defendant's easterly line parallel with the westerly line, and not as running: between the points named.

Appeal from special term.

Action by Andrew J. Phillips against Edward F. Ritter. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,. HATCH, and BRADLEY, JJ.

C. Morschauser, for appellant.
Milton A. Fowler, for respondent.

CULLEN, J. This is an action in equity to restrain the defendant from trespassing on the plaintiff's land, and for damages. The plaintiff and defendant own adjoining lots on the south side of Union street, in the city of Poughkeepsie. The controversy arises from a dispute as to the true location of the division line between the parties. Both claim through a common source of title. The deed through which the defendant claims is the older, and the disposition of the controversy depends on the construction of that conveyance. The deed conveys. a certain lot on the south side of Union street, beginning on that street, and running various courses and distances, which are immaterial, to the southwest corner of lot No. 29 on a certain map; "thence

westerly to a point, four feet six inches; thence running northerly parallel with the first line to Union street to a point, twenty-five feet from the place of beginning; thence running westerly along Union street to the place of beginning, twenty-five feet." The whole difficulty arises from the fact that a line from a point four feet six inches west of the corner of lot 29 to a point on Union street twenty-five feet from the place of beginning is not parallel with the first line of the description. A line parallel with the first line, run from Union street southerly, would intersect the extended line of lot 29 at a point about six feet west of the southwest corner of that lot, instead of at a point four feet six inches west of the corner. The deed through which the plaintiff claims, made about a year subsequently to the deed already recited, locates that point of intersection at a distance of six feet from the corner of the lot. The question, therefore, is, which shall control the location of the easterly line of defendant's lot? Shall it run to a point four feet six inches westerly from lot 29, or shall it run parallel to the first line in the description in his deed? The trial court found the true construction of the deed was that the easterly line should be parallel to the westerly line of the lot. This construction gave the case to the plaintiff. Had the line been drawn between the two given points, the case would have gone for the defendant. The appellant claims that the location of the two points between which the line was to be drawn should govern, and that the provision that the line should be parallel with the westerly line should be rejected. If we were limited solely to the deed itself in arriving at its proper construction, I am not prepared to deny this claim; but the evidence tends to show that for 18 years after the first conveyance from the common source of title the parties occupied their respective lots up to the line found by the trial court, and during that period a retaining wall was maintained on that line. This occupation, being less than 20 years, would not be sufficient to establish a practical location of a line concededly incorrect, and conclude the parties. But in the case before us there is a conflict between different portions of the description. All of the attributes of the easterly line, as given in the deed, cannot be true. Some part of the description must prevail, and some part yield and be rejected. In such a case the acts and declarations of the parties are competent evidence on the question of the proper construction of the conveyance. In Harris v. Oakley, 130 N. Y. 1, 28 N. E. 530, it was held that where the description contained in a deed is so vague, obscure, or conflicting as to leave the intent of the parties uncertain, the declarations and acts of the parties may be shown by parol. We think that by this occupation on the one side and acquiescence on the other for 18 years the parties settled the question of the true construction of the deed for themselves, or at least justified the finding of the trial court on the question of fact.

The judgment appealed from should be affirmed, with costs. All concur.