ALFRED H. DIBBLE, Respondent, *v.* ORIN COLE, Appellant.

*Evidence on an issue as to a boundary line — the plaintiff's grantor may testify that, when he purchased, his grantor pointed out the extent of his occupancy.*

In an action for a trespass upon real property, involving a controversy over the dividing line between the plaintiff's and the defendant's premises, it is competent for the plaintiff's immediate grantor to testify that when he purchased the premises his vendor pointed out the extent of his occupancy, and to state what it was, where such testimony is offered specifically as bearing upon the extent or nature of the possession of such vendor and not with a view to establishing the title.

APPEAL by the defendant, Orin Cole, from a judgment of the County Court of Oswego county in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the 18th day of June, 1903, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of June, 1903, denying the defendant's motion for a new trial made upon the minutes.

*George W. Bradner,* for the appellant.

*Clayton I. Miller* and *Irving G. Hubbs,* for the respondent.

SPRING, J. :

The parties owned adjoining lots in the village of Texas in said county of Oswego. The action is trespass, and the controversy between them is over the division line separating their lands.

The plaintiff became the owner of his premises in 1888, by deed from his father, who acquired title by purchase from one George Marsden in 1876. The deeds did not describe the premises conveyed by metes and bounds, and the only surveyor who was sworn on the trial testified that he was unable to locate the boundary lines. The plaintiff, therefore, sought to establish his title to the premises by adverse possession extending back through his own occupancy and that of his predecessors in title for fifty or sixty years. His witnesses testified that his easterly boundary, and which is the westerly boundary of the defendant's lot, was designated by a substantial fence which had been in existence during all the time of this occupancy, and that the other boundaries were denoted by fences. The defendant's witnesses, on the other hand, testified that there was no division fence between the parties until 1898, when it was erected by the plaintiff. The plaintiff further testified that when he purchased he erected a new fence on the precise location of the old fence.

We think the proof quite strongly preponderates in favor of the plaintiff, but there was a question of fact as to the exact location of the line or more properly as to the extent of the occupancy to be submitted to the jury.

Marsden, the plaintiff's predecessor in title, was dead at the time of the trial. Dibble, Sr., testified that when he purchased of Marsden the latter pointed out the extent of his occupancy, indi-

cating his easterly boundary to be the picket fence which Mr. Dibble testified was standing at that time as the easterly boundary line of the premises. This evidence was offered specifically as bearing upon the extent or nature of the possession of Marsden, and not with a view to establish title. The evidence was objected to, and it is now contended that the reception of this evidence was error prejudicial to the defendant.

We think the evidence, limited as it was to the extent of the possession of Marsden, was competent. (*Abeel* v. *Van Gelder*, 36 N. Y. 513; *Skinner* v. *Odenbach*, 85 Hun, 595; *Morss* v. *Salisbury*, 48 N. Y. 636; *Harris* v. *Oakley*, 130 id. 1.)

In these authorities the distinction is clearly made between admitting parol evidence or declarations for the purpose of establishing the title to the premises, and that offered which simply goes to the extent of the possession of the occupant. That distinction, both in the statement of counsel in offering the evidence and in the character of the evidence itself, was clearly recognized in this case.

The rule is thus stated in *Skinner* v. *Odenbach* (85 Hun, 595, 600): " The declarations of the occupants made upon the land in pointing out the line were, in practical effect, evidence only of the extent of their possession and not of title other than such as might be inferred from the occupancy."

In *People* v. *Holmes* (166 N. Y. 540) evidence was excluded which tended to show the actual location of the lot line, by the conduct of the parties, elsewhere than the true line. The court in its discussion, however, cited approvingly several of the authorities already referred to, in recognition of the distinction that evidence is competent which is designated to characterize the extent of the possession of the declarant, who is the owner of the premises.

Assuming, however, that we are in error in our interpretation of this rule of evidence, its reception was not prejudicial error in this case. Mr. Dibble testified that when Marsden was designating the boundaries of his premises there was a substantial picket fence indicating the easterly division line. Marsden simply pointed to this fence as the extent of his location on the east and the other fences surrounding the inclosure as the other boundaries. If there was a fence located as testified to by plaintiff's witnesses, clearly it determined the easterly line of plaintiff's lot. The only controversy

between the parties was whether at the time in question there was any fence whatever separating these two lots.

In considering, therefore, the admissibility of Marsden's declarations, we must take into account the fact testified to by Dibble that there was a fence as described by him. If there was no fence the evidence was immaterial. If it actually existed, then it defined the easterly line between these parties.

The judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.