GILMARTIN v. BUCHANAN et al.

(Supreme Court, Appellate Division, Second Department.   November 19, 1909.)

1. APPEAL AND ERROR (§ 999*)—QUESTIONS INVOLVING ISSUES OF FACT.
 The location of a boundary line, not clearly described in the title deeds,
 is for the jury, in the trial court, to determine from all the evidence.
  [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 999.*]

2. APPEAL AND ERROR (§ 1001*)—VERDICT—CONCLUSIVENESS.
 A verdict sustained by the evidence will not be disturbed, in the absence
 of erroneous rulings at the trial.
  [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922,
 3928–3934; Dec. Dig. § 1001.*]

3. EVIDENCE (§ 274*)—ADMISSIBILITY—DECLARATIONS AS TO BOUNDARIES.
 Declarations or admissions of a deceased predecessor in title are not
 admissible as evidence of title, either to sustain the burden of title or to
 rebut prima facie evidence, but only to show the nature and extent of
 the possession and the character and quality of the claim of title under
 which property is held.
  [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1121–1134; Dec.
 Dig. § 274;* Boundaries, Cent. Dig. § 156.]

Appeal from Trial Term, Westchester County.

Action by George E. Gilmartin against Andrew B. Buchanan and another. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Nathan P. Bushnell (Leverett F. Crumb, on the brief), for appellants. James Dempsey, for respondent.

WOODWARD, J. This is an action in ejectment. The controversy is over the title to a small parcel of land adjacent to other lands belonging to the parties to the action, and turns upon the course of a certain boundary line, which is not clearly described in the title deeds. The jury found, from these deeds in evidence, together with oral testimony as to acts of ownership exercised by the parties and their predecessors in title, that the plaintiff was entitled to the possession of the parcel which was the subject of the dispute; and the defendants appeal from the judgment entered upon this verdict, as well as from the order denying the motion for a new trial.

The location of the boundary line was essentially a question for the jury to determine from all the evidence. Cochran v. Smith, 73 Hun, 597, 600, 26 N. Y. Supp. 103. There was sufficient evidence to sustain the verdict, and the judgment and order should not be disturbed, in the absence of erroneous rulings at the trial.

The defendants' main contention is that the trial court erred in excluding evidence of declarations or admissions of the plaintiff's predecessors in title to the premises described in the deeds, to the effect that the parcel in question was not included in the descriptions. It is asserted by the defendants that this evidence was competent, because the statements sought to be proved were made by the plaintiff's deceased

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ancestor in title (1) adverse to his interest, (2) while he was in possession of the land in question, and (3) while he was upon the premises pointing out the boundaries. The defendants in their brief on this appeal state the rule invoked by them as follows:

"As a general rule, the declarations of a third person are regarded as mere hearsay, and are not competent evidence, yet they become competent, as the best evidence of which the nature of the case would admit, when it is shown that they are against the interest of the declarant when made, that he had competent knowledge of the facts stated, and that he has since deceased."

It may be conceded that this is a correct statement of the rule as applicable in proper cases; but the nature of the controversy here, as well as the form of the questions held objectionable, negative the defendant's claim to the competency of the evidence rejected at the trial of this action. The rule as stated by the defendants must be limited in its application in this case by the further rule that:

"Parol declarations or admissions, since they cannot confer or divest title, are not admissible as evidence of title, either to sustain the burden of title or to rebut prima facie evidence, but only to show the nature and extent of the possession and the character and quality of the claim of title under which the property was held, or other material facts resting in pais." People v. Holmes, 166 N. Y. 540, 60 N. E. 249.

The cases where the rule has been applied without this limitation are those where possession, not ownership, was in issue. Examples of these are Abeel v. Van Gelder, 36 N. Y. 513, Morss v. Salisbury, 48 N. Y. 636, Donahue v. Case, 61 N. Y. 631, and Dibble v. Cole, 102 App. Div. 229, 92 N. Y. Supp. 938. In this case the entire controversy is concerning ownership. Most of the questions to which objections were sustained specifically referred to "ownership"; and the others either fairly implied the word, or were not of such a nature that their rejection was materially prejudicial to the defendants.

The judgment and order should be affirmed, with costs. All concur.