TOWN OF NORTH HEMPSTEAD v. OELSNER.

(Supreme Court, Appellate Division, Second Department.  January 19, 1912.)

1. BOUNDARIES (§ 40*)—TRIAL—QUESTION FOR JURY—LOCATION OF INDEFINITE BOUNDARY LINES.

   Where the rights of the parties in ejectment depend upon the location of indefinite boundary lines contained in patents and ancient deeds, such location is for the jury.

   [Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 40.*]

2. COSTS (§ 164*)—ALLOWANCES ADDITIONAL TO COSTS—EXTRAORDINARY AND DIFFICULT CASE.

   An action of ejectment, where plaintiff contended that the land in dispute was within the boundaries of colonial patents from 1644 to 1685, and where the questions of fact and the determination of boundaries involved careful research and the examination of ancient documents, records, and histories of the seventeenth century, and the production by the plaintiff of more than 70 exhibits, was an extraordinary and difficult case, justifying an extra allowance of costs to plaintiff, after judgment in its favor.

   [Ed. Note.—For other cases, see Costs, Dec. Dig. § 164.*]

3. APPEAL AND ERROR (§ 984*)—ALLOWANCES ADDITIONAL TO COSTS—DISCRETION OF COURT.

   An order of the trial court, granting an allowance additional to costs, is reviewable only when there is an abuse of its discretion.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3881–3888; Dec. Dig. § 984.*]

Appeal from Trial Term, Nassau County.

Ejectment by the Town of North Hempstead against Rudolph Oelsner.  From a judgment for plaintiff, and an order granting an extra allowance of costs, defendant appeals.  Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, CARR, WOODWARD, and RICH, JJ.

Clarence G. Galston (Arthur Watson, on the brief), for appellant.
M. Linn Bruce (John J. Graham, on the brief), for respondent.

RICH, J.  This appeal is from a judgment in favor of the plaintiff, and from an order denying his motion for a new trial, in an action of ejectment.  The appeal also brings up for review an order granting the plaintiff an extra allowance of costs.

The premises in dispute consist of about nine acres of wild and uncultivated land, known as Bar or Barrow Beach, jutting out from the mainland on the west side of Hempstead Harbor a distance of about one-third of a mile.  The defendant owns 276 acres of upland, separated from this beach by a highway.  He admits that he is in possession of the premises, that he refuses to deliver possession thereof to the plaintiff, and asserts that he is the owner of the fee under a written instrument, and also asserts title by adverse possession.

It is the contention of the plaintiff that the land in dispute is within the boundaries of what is known as the Kieft Patent, granted by Governor General Kieft on November 16, 1644, to the original town of Hempstead, and the subsequent confirming patents granted by English

governors in 1667 and 1685. In 1784 the original town of Hempstead was divided into two towns, North Hempstead and South Hempstead, and under the provisions of the act of separation (chapter 21, Laws 1784) all rights and property of the original town of Hempstead, lying within the bounds of North Hempstead, passed to it. Town of North Hempstead v. Thompson, 8 N. Y. St. Rep. 901, affirmed without opinion 115 N. Y. 635, 12 N. E. 1116; North Hempstead v. Hempstead, 2 Wend. 109.

[1] The rights of the parties depending upon the location of indefinite boundary lines contained in patents and ancient deeds, the question of such location was one of fact for the jury. Cochran v. Smith, 73 Hun, 597, 26 N. Y. Supp. 103; Gilmartin v. Buchanan, 134 App. Div. 587, 119 N. Y. Supp. 489. The issues involved were submitted by the learned trial court under a charge so fair and free from error that no exceptions were taken by either party. The jury resolved all of the questions of fact in favor of the plaintiff, and the evidence is sufficient to sustain their verdict. The record discloses no errors in the reception or exclusion of testimony of sufficient gravity to require the reversal of the judgment.

[2] I think that the conclusion of the learned trial court that the action was a difficult and extraordinary one, authorizing an additional allowance, is sound and should stand. The questions of fact were both difficult and extraordinary, involving the careful research and examination of ancient documents, records, and histories of the seventeenth century, and the production by plaintiff of more than 70 exhibits, which of itself, irrespective of the questions of law involved, is sufficient to justify an allowance. American Fruit Product Co. v. Ward, 113 App. Div. 319, 99 N. Y. Supp. 717, affirmed without opinion 190 N. Y. 533, 83 N. E. 1122. It was within the discretion of the trial court to grant the allowance, and the exercise of such discretion is reviewable only for abuse (Rowe v. Granger, 118 App. Div. 459, 103 N. Y. Supp. 439; Johnston v. Mut. Reserve L. Ins. Co., 45 Misc. Rep. 316, 90 N. Y. Supp. 539, affirmed without opinion 110 App. Div. 888, 96 N. Y. Supp. 1132), and the order must stand.

Judgment and orders affirmed, with costs. All concur.